UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CLETIS A. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00499-JMS-MJD |
| | ) | |
| LAURA SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion for Summary Judgment**

Plaintiff Cletis Warren brings claims under 42 U.S.C. § 1983, alleging that Defendant Nurse Laura Smith failed to provide him with adequate medical care after he injured himself in a fall. Dkt. 18 (Screening Order). Nurse Smith has moved for summary judgment. Dkt. 40. For the reasons stated below, Nurse Smith's motion is **denied**.

**I.**
**Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or

make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Mr. Warren failed to respond to Nurse Smith's summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Discussion

In this case, Mr. Warren alleges that he fell in the shower at the Knox County Jail ("Jail") on April 1, 2020, and that he sought medical care because his finger "was swollen and appeared broken." Dkt. 1 at 2; *see also* Warren Deposition, Dkt. 43-2 at 6, p. 18 (testifying that he "snapped"

his finger and had to have surgery in May 2020 because the finger was dislocated). At his deposition, he testified that Nurse Smith failed to provide adequate medical care because: (1) Mr. Warren saw her at medication pass on April 2, 2020, and asked to be seen for his injury, but she refused to see him and told him to submit a health care request form, *id.* at 6–7, pp. 21–22; and (2) after she saw him on April 3, 2020, she did not do everything she could to get timely X-rays for him, *see, e.g.*, *id.* at 5, p. 6.

As noted in the Court's Screening Order, Mr. Warren's status at the time of the events at issue in this case is a key issue. Dkt. 18 at 2–3 (allowing Mr. Warren to proceed with a claim that he received unconstitutional medical care and noting that the applicable constitutional amendment governing the claim differed based on whether he was a pretrial detainee or a convicted prisoner).[1] Specifically, if Mr. Warren was a pretrial detainee, his claims are governed by the Fourteenth Amendment and are subject only to an objective unreasonableness inquiry. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). If, however, he was a convicted prisoner, then his claims are governed by the Eighth Amendment and are governed by the deliberate indifference standard, which requires a showing that he suffered from an objectively serious medical condition and that Nurse Smith was subjectively aware of and ignored a known risk to him. *Id.* at 350; *see also Munson v. Newbold*, 46 F.4th 678,681 (7th Cir. 2022) .

In her summary-judgment brief, Nurse Smith contends that Mr. Warren was a convicted prisoner at the relevant times and analyzes his claims under the Eighth Amendment deliberate indifference standard. Dkt. 41 at 7–12. She assumes for purposes of the motion that Mr. Warren

---

[1] Contrary to Nurse Smith's claim, the Court did not "allow[] Plaintiff to proceed with an Eighth Amendment claim" at screening. Dkt. 41 at 1. The Court allowed Mr. Warren to proceed with a claim that Nurse Smith rendered unconstitutional medical care and noted that the governing constitutional amendment (Eighth or Fourteenth) depended on whether he was a pretrial detainee or a convicted prisoner. Dkt. 18 at 2–3. That is, the Court did not decide at screening that Mr. Warren was a convicted prisoner at the times relevant to this lawsuit or that this case would proceed as an Eighth Amendment case.

suffered from serious medical conditions, *id.* at 11, but argues that she was not deliberately indifferent to those conditions, *id.* at 11–12.

But Nurse Smith has not satisfied her initial summary-judgment burden to show the absence of a material question of fact as to the threshold issue of whether Mr. Warren was a convicted prisoner at the relevant times. She asserts that he was, but there is no competent record evidence to support that assertion. Nurse Smith cites to only two pieces of evidence to support her claim that Mr. Warren was a convicted prisoner at the relevant times: (1) her own affidavit stating that "Mr. Warren was not actually a detainee through Knox County, but was instead a federal prisoner that was being housed at Knox County," dkt. 41 at 9 (citing Undisputed Material Fact 6, which in turn relies on dkt. 43-1 ¶ 7); and (2) Mr. Warren's testimony that he was a federal inmate "serving time" at the Knox County Jail for possession of a firearm, *see* dkt. 41 at 9 (citing Undisputed Material Fact 21, which in turn relies on dkt. 43-2 at pp. 10–11).

As to Nurse Smith's affidavit, the fact that Mr. Knox was not a pretrial detainee as to a Knox County charge and was instead a federal prisoner housed at the Jail is not relevant. The question is—regardless of whether he was a county, state, or federal prisoner—whether he was a pretrial detainee or a convicted prisoner during the time he was at the Jail. To the extent that Nurse Smith's affidavit can be read to suggest that Mr. Warren was serving a federal sentence at the time of the events at issue in this case, she fails to explain how she has personal knowledge of that fact, nor is it apparent how she—as a nurse—could have such personal knowledge.

Likewise, the fact that Mr. Warren testified that he was a federal inmate "serving time" at the Jail for  possession of a firearm is insufficient to show that he was a convicted prisoner at the time of the events at issue in this lawsuit.  The full deposition exchange is as follows:

Q: Now, typically in my experience people don't usually spend three straight years in a county jail, but as I understand it from your medical records, you're actually a Federal inmate that is spending time in . . . county jail; is that correct?

A: Well, I'm here in Owen County on a pending case.

Q: On a pending Owen County case?

A: Yes, sir.

Q: And am I correct that for a period of time you were actually a Federal inmate serving time inside a county jail when you were at Knox County?

A: Yes, sir, that's correct.

***

Q: For what charge were you serving time inside Knox County as a Federal offender?

A: Possession of a firearm.

Q: And were you actually convicted of that charge?

A: Yes.

Q: And what sentence did you receive?

A: Ten years.

Dkt. 43-2 at 4, pp. 10–11.

As the non-moving party, Mr. Warren is entitled to have the Court make all reasonable inferences in his favor, *Khungar*, 985 F.3d at 572–73 (7th Cir. 2021), and a reasonable jury could infer that Mr. Warren understood the phrase "serving time" for a "charge" of possession of a firearm to mean that he was being held at the Jail pending the resolution of that charge, not that he was actually serving his federal sentence at the Jail. Regardless, even if Mr. Warren's testimony could be read to suggest that he spent some time at the Jail after he was convicted of the federal charge, counsel did not ask him *when* he was convicted of the federal charge, which is the key issue here.

Nurse Smith's failure to show the absence of a genuine issue of material fact as to this point is only underscored by the existence of public documents of which the Court can take judicial notice. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."). Specifically, this Court's records show that Mr. Warren was arrested on federal charges in 2019 and remanded to the custody of the U.S. Marshal Service in July 2019 "for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal." *United States v. Warren*, No. 2:19-cr-22-JPH-CMM-01 (S.D. Ind.) ("Crim Dkt."), dkts. 11, 26. They also show that he was not convicted and sentenced in his federal criminal case until October 7, 2020—months after the events at issue in this civil case.  Crim. Dkts. dkts. 49, 50. And Owen County Circuit Court records show that Mr. Warren was arrested on related state charges in 2019 but was not convicted and sentenced in that court until 2022. *State v. Warren*, No. 60C01-1905-F2-000286 (Owen County Cir. Ct., docket entry for Aug. 24, 2022) (available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlFUVFJkaHFJOEhXdXNtbFNWbGVJQQ2s0MWlGd21kTnVVY1NocVRieG9faU0xIn19). That is, public records suggest that Mr. Warren was a pretrial detainee at the times relevant to this lawsuit.

The question of Mr. Warren's status is material because the standard governing his claims differs depending on whether he was a pretrial detainee or a convicted prisoner. Nurse Smith has briefed the question of whether she was deliberately indifferent under the Eighth Amendment but not the question of whether she provided objectively unreasonable treatment under the Fourteenth Amendment.[2] Accordingly, the Court must deny her motion for summary judgment.

---

[2] In her summary-judgment brief, Nurse Smith states, "In any event, under any interpretation of any constitutional amendment, the actions of Ms. Smith cannot violate Plaintiff's constitutional rights, as the

Pursuant to Rule 56(e)(4) of the Federal Rules of Civil Procedure, the parties are notified that Nurse Smith has not properly supported an assertion of fact regarding Mr. Warren's status as a convicted prisoner during the relevant time period. Judicially noticed facts reflect that he was a pretrial detainee. The parties shall have **through April 3, 2023,** to file any objection supported by evidence and/or argument to the conclusion that this action is proceeding only on a Fourteenth Amendment claim and that any alternative claim based on the Eighth Amendment should be dismissed.

### III.
### Conclusion

For the reasons stated above, Nurse Smith's motion for summary judgment, dkt. [40], is **denied**. The parties shall have **through April 3, 2023,** to file any objection to the conclusion that this action is proceeding based only on a Fourteenth Amendment claim and that any alternative claim based on the Eighth Amendment should b dismissed.

Because summary judgment has been denied, Mr. Warren's claims will be resolved by settlement or trial, if necessary. If Mr. Warren would like the Court to attempt to recruit counsel to represent him, he must complete and return the enclosed form motion for assistance with recruiting counsel on or before **April 3, 2023**.

---

records clearly and undisputedly show that she took proper steps to address Plaintiff's condition." Dkt. 41 at 9–10. To the extent that this sentence was intended as an argument that she is entitled to summary judgment even if Mr. Warren's claims are governed by the Fourteenth Amendment, it is undeveloped and thereby waived. *See Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) ("[I]t is not this court's responsibility to research and construct the parties' arguments." (cleaned up)); *see also Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

The **clerk is directed** to enclose a blank form motion for assistance with recruiting counsel with Mr. Warren's copy of this Order.

**IT IS SO ORDERED.**

Date: 3/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CLETIS A. WARREN
12240-028
OWEN COUNTY JAIL
291 Vandalia Ave
Spencer, IN 47460

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com